**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------   X

IN RE YASMIN AND YAZ (DROSPIRENONE)       3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION             MDL No. 2100

-------------------------------------------------------------

This Document Relates to:                 Judge David R. Herndon


*Flores v. Bayer Corporation et al.*  No. 3:12-
cv-20119-DRH-PMF


### ORDER REGARDING NOTICE OF OPPOSITION
### TO CONDITIONAL TRANSFER ORDER


**HERNDON, Chief Judge:**

This matter is before the Court for the purpose of addressing matters

relating to the plaintiff's Notice of Opposition to Conditional Transfer Order filed

with this Court on November 14, 2012 (Doc. 14).

This matter was removed to the United States District Court for the District

of Arizona on October 23, 2012 (Doc. 1).[1]   On October 26, 2012, the Judicial

Panel on Multidistrict Litigation ("JPML") filed an order identifying the above

captioned case as a "Tag-Along Action" and conditionally transferring the same to

this Court for inclusion in MDL 2100.  *See* MDL No. 2100, *In re Yasmin and YAZ*

_____

[1]  The plaintiff's motion states that Notice of Removal was filed on October 24,
2012 (Doc. 14 p. 2).  The Notice of Removal, however, was filed on October 23,
2012 (Doc. 1).

*(Drospirenone) Marketing, Sales Practices and Products Liability Litigation* Doc. 881 (attached hereto as Exhibit A) ("Conditional Transfer Order"). The Conditional Transfer Order was filed with the Clerk of this Court on November 6, 2012. Shortly thereafter, on November 14, 2012, the plaintiff filed a Notice of Opposition to Conditional Transfer Order with the Clerk of this Court.

The plaintiff's Notice of Opposition appears to be based on a misunderstanding regarding when and where a Notice of Opposition must be filed. As is explained more fully below, the plaintiff had 7 days from October 26, 2012 (the date the Conditional Transfer Order was entered by the JPML) to file a Notice of Opposition with The Clerk of the JPML. Accordingly, the Notice of Opposition to Conditional Transfer Order, filed with this Court on November 14, 2012, is without effect.

A Conditional Transfer Order is an order entered by the Clerk of the JPML that conditionally transfers tag-along actions to a previously designated transferee district court. *See* JPML Rule 7.1. Upon entry by the Clerk of the JPML, a Conditional Transfer Order is stayed for a period of 7 days to allow the parties opportunity to oppose transfer of the involved action or actions. *See* JPML Rule 7.1 §§ (b)-(c). In order to oppose transfer of a case identified in a Conditional Transfer Order, the objecting party must file a Notice of Opposition to the Conditional Transfer Order with the Clerk of the JPML. *See Id.* The objecting party has 7 days from entry of the Conditional Transfer Order to file any such notice. *See Id.* If a Notice of Opposition is not filed with the Clerk of the JPML

during this 7-day period, the stay is lifted and the Conditional Transfer Order is transmitted to the Clerk of the transferee court. *See Id. See also Id.* § (d). The Conditional Transfer becomes effective when it is filed with the Clerk of the transferee court. *See Id.* § (h).

In the instant case, the Conditional Transfer Order was entered by the Clerk of the JPML on October 26, 2012. Accordingly, the plaintiff had 7 days from October 26, 2012 to file a Notice of Opposition with the Clerk of the JPML. No such notice was filed. Therefore, on November 5, 2012, the stay was lifted and the Conditional Order was transmitted to this Court. The Conditional Transfer Order became effective on November 6, 2012 when it was filed with the Clerk of this Court. Accordingly, the plaintiff's purported Notice of Opposition to Conditional Transfer Order is without effect. The Court further notes that the plaintiff's basis for objecting to transfer, her anticipated motion to remand, is without merit. A pending motion to remand does not limit the JPML's authority to transfer an action and any anticipated motion to remand can be presented to and decided by this Court. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 n. 1 (J.P.M.D.L.1973) (per curiam) (citing 28 U.S.C. § 1407).

**SO ORDERED:**

Digitally signed by David R.
Herndon
Date: 2012.11.16 12:54:58 -06'00'

**Chief Judge**                                    **Date:  November 16, 2012**
**United States District Court**